E-FILED
Thursday, 04 June, 2026  12:09:29 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ARTHUR JAMES MARTINEZ,
    Plaintiff,

v.

PHOENIX COMMUNITY
DEVELOPMENT SERVICES, *et al.*,
    Defendant.

Case No. 26-cv-1234

### Order

Now before the Court is the Plaintiff, Arthur James Martinez's Emergency Motion for Temporary Restraining Order and Emergency Injunction (D. 3).[1] For the reasons set forth below, the Plaintiff's Motion is denied.

**I**

This case centers on a request from the Plaintiff, appearing pro se and as primary caregiver for Devin Muhlenhaupt, that the Defendants must immediately relocate Mr. Muhlenhaupt and restore the Plaintiff's utilities. Specifically, the Plaintiff alleges that the Defendants improperly relocated Mr. Muhlenhaupt from his primary residence (i.e., the Plaintiff's residence) to the Defendants' Community Development Services facility. The Plaintiff further alleges that the Defendants have "systematically concealed the location" of Mr. Muhlenhaupt. (D. 3 at ECF p. 3). The Plaintiff further contends that, in some manner, the Defendants "withheld contracted utility stipends" and "systematically restricted the household communication stipend to $10.00 out of a mandated $216.00 allocation,

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

intentionally causing the imminent termination of the Plaintiff's Xfinity broadband internet network and mobile communication lines." (D. 3 at ECF p. 4).

In the pending Motion, the Plaintiff seeks, on an emergency basis, the "Defendants to cease the unauthorized housing of Devin Muhlenhaupt at 309 Treasure Street, Bartonville, IL, or any other unapproved site, and to facilitate his immediate physical return to his primary caregiver and residence within twenty-four (24) hours of the Court's order." (*Id.* at ECF p. 5). He also seeks an emergency reimbursement and restoration of his utilities.

## II

"To obtain a preliminary injunction, the moving party must demonstrate a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction." *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

At the outset, the Court questions whether the Plaintiff even has standing and/or the proper authority to represent Mr. Muhlenhaupt in this capacity. *See Burns v. Fed. Deposit Ins. Corp.*, No. 13-CV-7187, 2018 WL 905505, at *5 (N.D. Ill. Feb. 15, 2018) ("The Court is not free to ignore the fact that there is nothing before the Court establishing that Marilyn Burns is the real party in interest in this matter. The fact that Marilyn Burns was the primary caregiver to her parents is not enough to establish that she legally has standing to sue on behalf of her parents' estates.").

Aside from that, the Plaintiff's Motion fails on the prong of likelihood of success on the merits. Specifically, the Court finds that the Plaintiff's allegations fail to support a constitutional or statutory deprivation sufficient for the Court to conclude the underlying action has any chance of success on the merits.

As to the request to immediately relocate Mr. Muhlenhaupt, the Court is not persuaded at this elementary juncture that the Defendants violated 42 U.S.C. § 1983 or the ADA. Effectively, this case seems to center on an agency decision to

relocate Mr. Muhlenhaupt from the Plaintiff's residence into a care facility. The Court, at this elementary stage, simply does not have enough information to determine that there is a likelihood that Mr. Muhlenhaupt's relocation was improper. To second-guess an agency decision on such an elementary record, and to award the drastic relief of an emergency injunction without the benefit of the Defendants' participation in this case, would be ill-founded and inappropriate. *See Roberts v. Illinois Dep't of Child. & Fam. Servs. (DCFS)*, No. 4:24-CV-04176-SLD-RLH, 2025 WL 1436582, at *3 (C.D. Ill. May 19, 2025) (denying emergency injunctive relief because "this Court cannot take over L.S.'s juvenile case based upon this undeveloped and preliminary record"). While the Plaintiff is certainly permitted to contact local authorities if he believes there has been an infirmity, the Court cannot find at this juncture that he has a likelihood to succeed in federal court.

As to the request for utility reimbursement, it is unclear why—even if that alleged-wrong could be remedied by the Defendants—it is appropriate to award relief on this emergency basis before service is completed and the Defendants have an opportunity to respond. The Court simply lacks the information to conclude that (1) the Defendants restricted the Plaintiff's utilities, (2) they did so wrongfully, and (3) the appropriate relief is an emergency injunction. Until the Court has more information and is more properly apprised, it simply cannot find a likelihood of success, nor that such drastic, emergency relief is appropriate. *See Daniels v. Lepke*, No. 25-CV-720-WMC, 2025 WL 3080489, at *1 (W.D. Wis. Nov. 4, 2025) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'").

### III

For the reasons set forth above, the Plaintiff's Emergency Motion (D. 3) is denied.

*It is so ordered.*

Entered on June 4, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE