E-FILED
Wednesday, 17 June, 2026  10:25:51 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

|  |  |
|---|---|
| ARTHUR JAMES MARTINEZ, Individually and as Primary Caregiver for DEVIN MUHLENHAUPT, <br>　　　Plaintiff, <br><br> v. <br><br> PEORIA POLICE DEPARTMENT, PHOENIX COMMUNITY DEVELOPMENT SERVICES, MOLLY PILGREEN, SHENDANTE LEWIS, and HEATHER HACKMAN, <br>　　　Defendants. | Case No. 1:26-cv-01234-JEH-RLH |

**Order**

Now before the Court is Plaintiff Arthur James Martinez's, Individually and as Primary Caregiver for Devin Muhlenhaupt, Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).  For the reasons set forth below, the Application to Proceed *in forma pauperis* (IFP) is GRANTED, and the Plaintiff's Amended Civil Complaint for Damages and Injunctive Relief (D. 4) is DISMISSED WITHOUT PREJUDICE.[1]

The Plaintiff's Application to Proceed IFP sufficiently demonstrates that Martinez is unable to pay the costs of these proceedings, and thus, the Motion is granted.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

The Plaintiff's Amended Civil Complaint for Damages and Injunctive Relief (D. 4), filed on June 3, 2026, lists the Peoria Police Department, Phoenix Community Development Services (Phoenix CDS), Molly Pilgreen, Shendante Lewis, and Heather Hackman – the individuals all employed at Phoenix CDS – in its caption.  However, Plaintiff Martinez does not actually list the Peoria Police Department in the body of the Amended Complaint which suggests he no longer wishes to pursue any claims against that now former defendant.  Further, on June 4, 2026, the Court entered an Order (D. 5) denying Plaintiff Martinez's Emergency Motion for Temporary Restraining Order and Emergency Injunction (D. 3) questioning whether Martinez even has standing and/or the proper authority to represent Muhlenhaupt, finding Martinez's allegations failed to support a constitutional or statutory deprivation sufficient for the Court to conclude the underlying action had any chance of success on the merits, and finding the Court did not otherwise have enough information to grant the emergency relief requested.  6/4/2026 Order (D. 5 at ECF pp. 1-3).

Plaintiff Martinez alleges Muhlenhaupt, Martinez's "ward," is a 32-year-old "vulnerable adult" who relies "entirely" on Martinez for "life-support care, cognitive stabilization, and daily accommodation."  Pl.'s Am. Compl. (D. 4 at ECF p. 2).  Martinez alleges he "operates as the designated, state-recognized primary caregiver and legal advocate" for Muhlenhaupt.  *Id*.  He further alleges Defendant Phoenix CDS is a "federally funded administrative housing vendor and state contractor" and receives "public funding streams under color of state law[,]" Defendant Pilgreen is the active Vice President of Phoenix CDS, Defendant Lewis is an active program supervisor for Phoenix CDS, and Defendant Hackman is a field case manager for Phoenix CDS.  *Id*.  The Plaintiff alleges, among other things, Defendant Hackman "executed an unauthorized physical extraction and transit of the Ward away from his primary residence without the consent or knowledge of

2

the Plaintiff [Martinez][,]" "Defendants have systematically concealed the physical location of the Ward," and "the Ward is experiencing acute emotional distress [and] is subjected to forced family separation[.]" *Id.* at ECF p. 3. Plaintiff Martinez alleges that in retaliation for his conduct in response to the Defendants' actions, the Defendants have "intentionally withheld contracted utility stipends[,]" and that has caused the "imminent termination" of Martinez's Xfinity broadband internet network and mobile cellular communication lines[.]" *Id.* at ECF p. 4. He says the Defendants' actions, in turn, "strip[ped] the care unit of mandatory telehealth monitoring and digital access to the federal courts[]" as well as "severe somatic and physiological stress to [Martinez.]" *Id.*

Plaintiff Martinez pursues a claim against all Defendants pursuant to 42 U.S.C. § 1983 for the "unlawful restriction of the Ward's liberty and severe somatic injuries to the Plaintiff under the Fourteenth Amendment." *Id.* He pursues a claim pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, against Defendant Phoenix CDS due to the latter "forcing the isolation of the Ward in an unapproved facility and maliciously manipulating his communication channels to prevent integration with his primary care support network." *Id.* at ECF p. 5.

## I

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## A

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: 1) he was deprived of a right secured by the Constitution or laws of the Unted States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Here, the Plaintiff states in a conclusory, mere recitation-of-the-elements-of-the-cause-of-action manner that the Defendants acted under color of state law and utilized state-delegated authority and Defendant Phoenix CDS is a federally funded state contractor. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) ("Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Iqbal*, 556 U.S. at 678)). In addition, his allegations suggest nothing more than that Phoenix CDS received public funds. That is not enough to transform private actions into actions of the State. *See Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003) (unpublished opinion) ("a private person's receipt of state funds, without more, does not make that person a state actor[]"); *Barlow-Johnson v. Ctr. for Youth and Fam. Sols.*, No. 22-

4

cv-3214, 2023 WL 5826966, at *5 (C.D. Ill. Sep. 8, 2023) ("the receipt of public funds alone is insufficient to transform otherwise private actions into actions of the State[]"); *and Potter v. Gray*, No. 25-CV-00143-SPM, 2025 WL 2771115, at *3 (S.D. Ill. Sep. 29, 2025) ("The mere fact that a private entity or individual receives state funding, or provides services that benefit the state, does not make it a state actor.") (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982)).

Furthermore, Plaintiff Martinez does not identify a right secured by the Constitution or laws of the United States he was deprived of – his alleged right to be free of "severe somatic injuries" is not a recognized constitutional right. To the extent he attempts to allege the deprivation of his liberty interest in his familial relations, nowhere in the Amended Complaint does the Plaintiff allege he and Muhlenhaupt are father-son, brothers, parent-child, or otherwise actual family members. Such a right to familial association typically involves parents and children. *See, e.g., Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018 (7th Cir. 2000) (citing cases explaining there is a fundamental liberty interest of natural parents in the care, custody, and management of their child); *Montoya v. Jeffreys*, 565 F. Supp. 3d 1045, 1064 (N.D. Ill. 2021) (articulating the liberty interest in "a parent's right to enjoy the companionship of his children[]").

To the extent Plaintiff Martinez pursues a Section 1983 claim on Muhlenhaupt's behalf for the unlawful restriction of Muhlenhaupt's liberty, a *pro se* party cannot represent another individual in court, even if the *pro se* party is, as Martinez puts it, "state-recognized." *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney.") (citing 28 U.S.C. § 1654); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.").

Plaintiff Martinez fails to state a Section 1983 claim both on his own behalf as well as on Muhlenhaupt's behalf.

**B**

With regard to Martinez's attempted claim on behalf of Muhlenhaupt for violations of the ADA, fatal to the claim is the fact that, yet again, Martinez cannot represent Muhlenhaupt *pro se*. Indeed, Plaintiff Martinez's cited case of *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999), was brought *by mentally disabled patients through counsel*. 42 U.S.C. § 12132 provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The ADA defines a "public entity" as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State of States of local government." 42 U.S.C. § 12131(1)(A), (B). None of the Plaintiff's allegations bring Defendant Phoenix CDS within the realm of either of those definitions.

Plaintiff Martinez fails to state an ADA claim on behalf of his "ward," Muhlenhaupt.

**C**

To the extent that Martinez complains of retaliation against him, again, he has failed to include allegations from which a plausible inference arises that the Defendants are state actors. So any would-be Section 1983 retaliation claim necessarily fails. *See Zitzka v. Vill. of Westmont*, 743 F. Supp. 2d 887, 914-15 (N.D. Ill. 2010) (providing that in order to establish a *prima facie* case of First Amendment retaliation under Section 1983, a plaintiff must show his speech was constitutionally protected, he suffered a deprivation likely to deter free speech, and the speech was the but-for cause of the defendants' action).

Lastly, as the Court questioned in its June 4th Order, Plaintiff Martinez's standing to pursue the Amended Complaint, in certain respects, is obviously lacking. The standing requirements imposed by the Constitution are three-fold, the first being that a litigant must show that *he suffered* a concrete and particularized injury that is either actual or imminent. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017). Here, several of the allegations of in the Amended Complaint pertain to the wrongs apparently *suffered by Muhlenhaupt*. Federal Rule of Civil Procedure 17(c)(2), which provides a representative may sue on behalf of an incompetent person, does not remedy the lack of standing here because, as the Court already explained, a nonlawyer cannot handle a case on behalf of anyone except himself.

## II

For the reasons set forth above, Plaintiff Arthur James Martinez's, Individually and as Primary Caregiver for Devin Muhlenhaupt, Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2) is GRANTED. Plaintiff's Martinez's Amended Civil Complaint for Damages and Injunctive Relief (D. 4) is DISMISSED WITHOUT PREJUDICE for failure to state a claim. The Plaintiff is granted leave to amend his complaint within 21 days if he believes he can do so consistent with this Order. The Clerk is directed to mail a copy of this Order to *pro se* Plaintiff Martinez.

*It is so ordered.*

Entered on June 17, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

7