E-FILED
Thursday, 02 July, 2026  08:16:40 AM
Clerk, U.S. District Court, ILCD

IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

ARTHUR JAMES MARTINEZ,
    Plaintiff,

v.

PEORIA POLICE DEPARTMENT,
PHOENIX COMMUNITY
DEVELOPMENT SERVICES,
MOLLY PILGREEN, SHENDANTE
LEWIS, and HEATHER HACKMAN,
    Defendants.

Case No. 1:26-cv-01234-JEH-RLH

### Order

Now before the Court is Plaintiff Arthur James Martinez's Amended Complaint for Damages and Injunctive Relief (D. 12).  For the reasons set forth below, the Plaintiff's second Amended Complaint is DISMISSED WITHOUT PREJUDICE.[1]

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)).  The Court finds it appropriate to screen the Plaintiff's second Amended Complaint given that it imposed upon the Plaintiff a requirement that he amend only if he could do so in accordance with the Court's June 17, 2026 Order (D. 10).  Moreover, "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.  This is so even

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

when the plaintiff has paid all fees for filing and service . . .". *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A court shall dismiss at any time an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I

The Court entered its June 17th Order upon review of the Plaintiff's Amended Civil Complaint for Damages and Injunctive Relief (D. 4) in which the Court found: the Plaintiff did not sufficiently allege Defendant Phoenix Community Development Services (CDS) receives public funds to make it a state actor for purposes of 42 U.S.C. § 1983; the Plaintiff did not identify a right secured by the Constitution or laws of the United States he was deprived of, a necessary element of Section 1983; the Plaintiff could not as a *pro se* plaintiff pursue a Section 1983 claim on behalf of Devin Muhlenhaupt; and the Plaintiff lacked standing to pursue claims pertaining to the wrongs apparently suffered by Muhlenhaupt. The Court granted the Plaintiff leave to amend his complaint.

On June 29, 2026, Plaintiff Martinez filed the instant second Amended Complaint. In his "Statement of Factual Shards & Continuing Violations," the Plaintiff highlighted incidents that allegedly occurred on April 6, 2026, May 12, 2026, May 18, 2026, June 2, 2026, June 12, 2026, June 17, 2026, and June 26, 2026. The Plaintiff now states that he (Plaintiff) along with Muhlenhaupt has "qualifying neurodivergent cognitive baselines and severe panic disorders constituting recognized disabilities under federal law." Pl.'s 2d Am. Compl. (D. 12 at ECF p. 10). The Plaintiff includes three counts: Count I for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and 28 C.F.R. § 35.130 against "Administrative Defendants Caryn Kamp & Stefanie Dwyer;" Count II for violations of his Fourth and Fourteenth Amendment rights pursuant to Section 1983 against "All Named Corporate and Municipal Defendants;" and Count III for "Civil RICO violation and extractive predicates" pursuant to 18 U.S.C. § § 1962(c)

and 1964(c) against "Association-in-Fact Enterprise Defendants." He requests, among other things, a mandatory injunction and compensatory, punitive, and statutory treble damages under RICO.

## II

A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). As stated in the Court's June 17th Order, the Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## A

With regard to the Plaintiff's Count I alleging a violation of the ADA, allegations brought on behalf of Muhlenhaupt are disregarded as the Court previously determined the Plaintiff could not pursue any claims on Muhlenhaupt's behalf in a *pro se* capacity. As for the Plaintiff's allegations brought on his own behalf, he alleges the Tenth Judicial Circuit Court in Illinois was mandated to grant reasonable modifications to its appearance procedures to prevent discriminatory exclusion. He says that by refusing to issue "remote access

video credentials (Zoom)" after a timely, medically supported request, "individual Defendants" Kamp and Dwyer "executed an actionable denial of meaningful access to the courts under color of state law." Pl.'s 2d Am. Compl. (D. 12 at ECF p. 10). Specifically, Plaintiff Martinez alleges that those two Defendants enforced an "extra-jurisdictional in-person appearance mandate in Case No. 2026-OP-0000637" by refusing to accommodate his documented "clinical impossibility of physical attendance" in violation of 28 C.F.R. § 35.130(b)(7). *Id.*

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mendoza v. Dart*, 638 F. Supp. 3d 898, 900 (N.D. Ill. 2022) (quoting 42 U.S.C. § 12132). Title II requires a state to reasonably accommodate individuals with disabilities in order to provide them with access to the courts. *Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004).

Though the Plaintiff does not make clear whether he sues Judge Kamp in her individual, official, or both capacities, Judge Kamp enjoys absolute judicial immunity in her individual capacity. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (providing judicial immunity "confers complete immunity from suit, not just a mere defense to liability[]"). Judges "are not liable in civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction[,]" nor will a judge "be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, [ ] and even if his exercise of authority is flawed by the commission of grave procedural errors." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57, 359 (1978)). As for Judge Kamp sued in her official capacity, the Plaintiff's ADA claim remains precluded because he does not seek prospective relief to enjoin an ongoing violation of his federal right of access to the courts. *See MSA Realty Corp.*

4

*v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) ("Under [*Ex parte*] *Young*, state officials may be sued in their official capacities for injunctive relief, although they may not be sued for money damages."). Very clearly, the Plaintiff complains of Judge Kamp's *past* actions in refusing to allow him to appear via Zoom for a *past* court date (June 26, 2026).

The Plaintiff similarly does not indicate whether Dwyer is sued in her individual, official, or both capacities. In fact, he does not even identify her in the caption of the case nor in the list of parties as an actual defendant here. The Plaintiff's allegations do not expand upon Dwyer's participation in the process which led to the denial of the Plaintiff's ability to attend court via Zoom. Regardless, as a judge gets the ultimate say in what does or does not occur in the judge's courtroom, it is unreasonable to infer the decision to disallow Zoom attendance was anything other than a judicial act based upon the facts currently alleged.

The Plaintiff fails to state a claim for violation of the ADA.

**B**

With regard to the Plaintiff's Count II alleging a violation of the Fourth and Fourteenth Amendments pursuant to Section 1983, the Plaintiff alleges Defendants Phoenix CDS, Pilgreen, Hackman, and Lewis, under color of state law as "state-funded fiduciaries," triggered liability under *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), by actively placing a vulnerable individual in a position of extreme dependency and isolation. Pl.'s 2d Am. Compl. (D. 12 at ECF pp. 10-11). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: 1) he was deprived of a right secured by the Constitution or laws of the Unted States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). To the extent that "vulnerable individual" is Muhlenhaupt, once

again, allegations brought on behalf of Muhlenhaupt are disregarded as the Court previously determined the Plaintiff could not pursue any claims on Muhlenhaupt's behalf in a *pro se* capacity.

The Plaintiff alleges further that individual Defendants Hackman and Lewis executed a non-consensual entry into his home without a warrant, exigent circumstances, or consent, and the Defendant Peoria Police Department had a clear duty to intervene but has an "institutional policy and custom" which shielded Phoenix CDS's actions such that *Monell* liability is triggered. Pl.'s 2d Am. Compl. (D. 12 at ECF p. 11). As for Hackman and Lewis, the Court previously explained in its June 17th Order that Defendant Phoenix CDS, and necessarily by extension its employees, is not alleged to be a state actor merely because it receives public funds. This and the fact that Martinez cannot litigate on behalf of Muhlenhaupt dooms his Section 1983 claim based upon the alleged entry in his "private residential sanctuary." *Id.*

As for the Peoria Police Department's alleged actions, first, police departments are not suable entities under Section 1983. *Best v. City of Portland*, 554 F.3d 698, * (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). Liberally construing *pro se* Plaintiff Martinez's second Amended Complaint, the Court assumes the Plaintiff intended to include Peoria Police Officers Polhemus and Parker as defendants in their official capacities for purposes of his Section 1983 *Monell* claim. A local government can be sued for an "[official] policy or custom" that violates the Constitution. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). In particular, "the plaintiff must prove that the constitutional violation was caused by a governmental 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *First Midwest Bank Guardian of Est. of LaPorta v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021) (quoting *Monell*, 436 U.S. at

694). Here, the Plaintiff's allegations are that Defendants *Hackman and Lewis* executed a non-consensual entry into the residence and that the Peoria Police Officers refused to execute their arrest. In other words, the Plaintiff does *not* allege that the officers were the ones that caused the violation of the Plaintiff's Fourth Amendment rights.

To the extent the Plaintiff attempts to allege Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate: 1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and 2) those individual(s) were willful participants in joint activity with the State or its agents. *Brokaw*, 235 F.3d at 1016. Here, the Plaintiff does not allege that the Phoenix CDS employees and the Peoria Police Officers reached an understanding to deprive the Plaintiff of his constitutional rights nor that Hackman and Lewis were willful participants in joint activity with the officers. Instead, the Plaintiff alleges that Phoenix CDS employees acted independently and separately from the Peoria Police Officers and the latter refused to take action in response to the Phoenix CDS employees' actions. Furthermore, "[A] bare allegation of conspiracy between private and state entities is insufficient to bring the private entity within the scope of § 1983." *Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015). Plaintiff Martinez does not even present a bare allegation of conspiracy, let alone one sufficient to allow his Section 1983 claim against the Peoria Police Officers to proceed. His second Amended Complaint does not contain factual allegations suggesting that the Defendants reached a meeting of the minds with respect to violating his constitutional rights. As for the alleged custom and practice of the Peoria Police Department, the Plaintiff cites an exhibit which he says shows the "Phoenix CDS enterprise," but no such exhibit is attached.

The Plaintiff fails to state his own Section 1983 claim and does not/cannot state a Section 1983 claim on Muhlenhaupt's behalf.

### C

Finally, in Count III of the Plaintiff's second Amended Complaint brought pursuant to 18 U.S.C. §§ 1962(c) and 1964(c), he alleges the Phoenix CDS Defendants "constitute an association-in-fact enterprise engaged in an ongoing pattern of racketeering activity within" this district, and the enterprise executed its affairs through "distinct predicate acts" including mail/wire fraud and witness tampering. Pl.'s 2d Am. Compl. (D. 12 at ECF p. 11). He further alleges that as a direct results of those acts, he sustained concrete business and property injury, "including the uncompensated extraction of 2,541 hours of specialized caregiver labor and the physical seizure of critical habitability infrastructure." *Id*. at ECF pp. 11-12.

In order to state a RICO claim under Section 1962(c), a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998). "Predicate acts of 'racketeering activity' include the commission of various enumerated crimes." *Turow v. Glazier*, No. 21 C 5756, 2022 WL 3755138, at *8 (N.D. Ill. Aug. 30, 2022) (citing 18 U.S.C. § 1961(a)). The Plaintiff does not specify which subsection of 18 U.S.C. § 1512 (Tampering with a witness, victim, or an informant) he seeks to invoke here, and it is not the Court's responsibility to guess in an attempt to allege the claim for him. With regard to the "pattern of racketeering activity" requirement, a plaintiff alleging predicate acts of mail and wire fraud (as here) must do so with particularity. *Id*. at 729 (citing FED. R. CIV. P. 9(b)). To satisfy that standard, a RICO plaintiff must allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id*.

(quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)). Additionally, a RICO plaintiff must allege two predicate acts of fraud, and thus satisfy the requirements of Rule 9(b) twice.  *Id*.  Here, the Plaintiff has not sufficiently alleged the "pattern of racketeering activity" requirement.  Instead, overall, the Plaintiff's Section 1962(c) claim amounts to nothing more than labels and conclusions and a mere recitation of the elements of his cause of action. *Twombly*, 550 U.S. at 556 (citing *Iqbal*, 556 U.S. at 678).

The Plaintiff's RICO claim brought pursuant to Section 1964(c) accordingly fails as well.  Section 1964(c) provides in relevant part:

> Any person injured in his business or property *by reason of a violation of section 1962* of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .

18 U.S.C. § 1964(c) (emphasis added).  Because the Plaintiff fails to state a claim pursuant to Section 1962, he fails to state a claim pursuant to Section 1964(c).

### III

For the reasons set forth above, Plaintiff Arthur James Martinez's second Amended Complaint for Damages and Injunctive Relief (D. 12) is DISMISSED WITHOUT PREJUDICE for failure to state a claim.  The Plaintiff is again granted leave to amend his complaint within 21 days if he believes he can do so consistent with this Order.  His failure to do so will result in the Court directing that the Clerk close this case.  The Clerk is directed to mail a copy of this Order to *pro se* Plaintiff Martinez.

*It is so ordered.*

Entered on July 1, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

9