E-FILED
Friday, 24 July, 2026  10:19:33 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| ARTHUR JAMES MARTINEZ,<br>    Plaintiff,<br><br>v.<br><br>PHOENIX COMMUNITY<br>DEVELOPMENT SERVICES,<br>MOLLY PILGREEN, HEATHER<br>HACKMAN, SHENDANTE LEWIS,<br>MICHAEL E. ONTIVEROS, KERMIT<br>LANDAVERDE; MARTHA<br>HERNANDEZ-MAYEN, LAURA<br>HECHT, LUCINDA MARTINEZ,<br>THE PEORIA POLICE<br>DEPARTMENT, OFFICER<br>POLHEMUS, OFFICER YAKLE,<br>SUPERVISOR JASON LEIGH, and<br>OFFICER B. PARKER,<br>    Defendants. | Case No. 1:26-cv-01234-JEH-RLH |

**Order**

Now before the Court are Plaintiff Authur James Martinez's Amended Complaint (D. 29), "Emergency Omnibus Motion for a Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65 and for Appointment of Next Friend Pursuant to Fed. R. Civ. P. 17(c)(2)" (D. 30), and "Motion for Leave to File Amended Complaint and Join Defendant Pursuant to FRCP 15(a)(2) and 20(a)(2)" (D. 31).[1] For the reasons set forth *infra*, the Plaintiff's Motion for Leave to File Amended

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Complaint and Join Defendant is DENIED, the Emergency Omnibus Motion is MOOT, and the Plaintiff's case is DISMISSED WITH PREJUDICE.

## I

In its June 17, 2026 Order (D. 10), the Court screened the Plaintiff's Amended Civil Complaint for Damages and Injunctive Relief (D. 4) and ultimately found that the Plaintiff did not state a claim pursuant to 42 U.S.C. § 1983 on his own behalf or on Devon Muhlenhaupt's behalf, did not state an Americans with Disabilities Act (ADA) claim on behalf of his "ward" (Muhlenhaupt), did not include allegations that the then-listed Defendants were state actors, lacked standing to pursue the amended complaint in certain respects, and could not handle a case on behalf of anyone except himself. The Court detailed its reasons why, and that analysis is incorporated herein.

In its July 1, 2026, Order (D. 14), the Court explained, "[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). Moreover, "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In the July 1st Order, the Court found it appropriate to screen the Plaintiff's second amended complaint (D. 12) given that it imposed upon the Plaintiff a requirement that he amend only if he could do so in accordance with the Court's June 17, 2026 Order.

Upon its second screening, the Court reiterated the reasons for why the Plaintiff's amended complaint was dismissed without prejudice originally and found the Plaintiff's second amended complaint failed to state a claim for violation of the ADA, did not state claims pursuant to 42 U.S.C. § 1983 (on the Plaintiff's own or on Muhlenhaupt's behalf), and did not state claims for violation of the

2

Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* The Court detailed its reasons why, and that analysis is incorporated herein. The Court again granted the Plaintiff leave to amend his complaint if he believed he could do so consistent with the July 1st Order.

On July 2, 2026, the Plaintiff filed a Notice of Appeal (D. 16) as to the Court's June 4, 2026 Order (D. 5) denying the Plaintiff's original Emergency Motion for Temporary Restraining Order and Emergency Injunction (D. 3), July 1st written Order, and July 1, 2026 Text Order (D. 15) finding as moot the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (D. 13). Also on July 2nd, the Plaintiff filed an Emergency Motion for Stay of Judgment Pending Appeal (D. 17) which the Court denied on July 6, 2026 because no judgment had been entered in this case and no ruling had been made on the Plaintiff's second Emergency Motion because the Court instead found that Motion was moot as the case then-currently lacked an operative complaint upon which relief could be granted. *See* 7/6/2026 Text Order (D. 19). On July 6, 9, 13, and 14, 2026, the Plaintiff filed "Exhibits" totaling 130 pages. (D. 21-28). On July 15, 2026, the Plaintiff filed a third Amended Complaint (D. 29). On July 16, 2026, the Plaintiff filed his Emergency Omnibus Motion for a TRO, and on July 17, 2026, the Plaintiff filed his Motion for Leave to file a fourth amended complaint.

As an initial matter, to the extent the Plaintiff filed a Notice of Appeal as to the Court's July 1, 2026 Order dismissing his second amended complaint, the Notice did not divest this Court of jurisdiction. Because the Court's July 1st Order dismissed the Plaintiff's second amended complaint with leave to amend, the Order was not a final decision within the meaning of 28 U.S.C. § 1291. *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 682 (7th Cir. 1990) ("[The] dismissal was not an appealable order, because the dismissal of a complaint with leave to amend is not a final decision.") (citing *Harris v. Milwaukee Cnty. Cir. Ct.*, 886 F.2d 982, 984 (7th

Cir. 1989); 28 U.S.C. § 1291); 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .); *see also INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 498 (7th Cir. 2020) (explaining "A decision is final if it 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'") (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000)); *Wis. Mut. Ins. Co. v. U.S.*, 441 F.3d 502, 504 (7th Cir. 2006) (stating the rule that a filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal has several qualifications, the foremost being "that an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision[]". There is no appealable order until a court dismisses an amended complaint with prejudice. *Bastian*, 892 F.3d at 682. Consequently, the Court is not divested of jurisdiction and it proceeds to screen the Plaintiff's proposed fourth amended complaint.

The Court finds it necessary to consider whether the Plaintiff's proposed fourth amended complaint states viable claims before it considers the Plaintiff's Emergency Omnibus Motion for a TRO as, technically, there is yet again currently no operative complaint upon which relief can be granted. The Court again exercises its discretion to screen the Plaintiff's proposed fourth amended complaint. The Court thus finds in light of the Plaintiff's continuous filings, the fact that he was again permitted to further amend *only if* he could do so consistent with the Court's July 1st Order, and the fact that he filed a further amended complaint followed by a motion to file yet another amended complaint just two days later.

## II

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section

1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A court shall dismiss at any time an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## A

The Court initially notes that to the extent the Plaintiff expects his separately filed Exhibits to be considered together with his Motion to Amend his complaint, he has not complied with Rule 8(a)(2). *See* FED. R. CIV. P. 8(a)(2) (providing that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief); *see also Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019) (explaining that district courts "are not charged with seeking out legal issues lurking within the confines of the *pro se* litigant's pleadings[]") (internal citation omitted). However, in recognition of the Plaintiff's *pro se* status, the Court screens his proposed fourth amended complaint rather than his earlier filed third amended complaint. In the fourth amended complaint, the Plaintiff adds a defendant and lists four counts: violation of RICO, 18 U.S.C. § 1962(c) and (d) against Defendants Phoenix CDS, Pilgreen, Hackman, Lewis, Ontiveros, Hernandez-Mayen, Hecht, Landaverde, and Martinez (Count I); violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and "the *Olmstead* Mandate" against Defendants Phoenix CDS, Pilgreen, and Hackman (Count II); a Section 1983 claim for violation of the Fourth Amendment – unreasonable seizure

of property against Defendants Hackman and Lewis (Count III); and a Section 1983 claim for violation of the Fourteenth Amendment – state-created danger & *Monell* liability against Defendants Peoria Police Department, Yakle, Leigh, Polhemus, and Parker (Count IV). Pl.'s 4th Am. Compl. (D. 31-1 at ECF pp. 16-20). He requests declaratory judgment, injunctive relief, compensatory damages, "Civil RICO treble damages," punitive damages, and costs of suit and attorney's fees "or equivalent compensation for *pro se* administrative labor." *Id.* at ECF p. 21.

B

Much of the Court's reasoning set forth in its first and second screening Orders applies again to the Plaintiff's proposed fourth amended complaint. First, he very obviously persists in attempting to bring claims on behalf of Devin Muhlenhaupt. As a *pro se* party, the Plaintiff is precluded from doing so. Many of his allegations pertain to the alleged wrongs done to Muhlenhaupt, and so Count II fails in its entirety. *See* 6/17/2026 Order (D. 10 at ECF p. 7) (detailing standing requirements and explaining "a nonlawyer cannot handle a case on behalf of anyone except himself[]") (citing FED. R. CIV. P. 17(c)(2)). While the Plaintiff now "explicitly invokes First-Party Fiduciary Standing and Emergency 'Next Friend' status pursuant to Federal Rule of Civil Procedure 17(c)(2) on behalf of the protected neurodivergent ward, Devin Muhlenhaupt, and the medically incapacitated matriarch, Irma Martinez", (D. 31-1 at ECF p. 2), the Plaintiff continues to disregard the Court's explanation that a *pro se* party cannot represent another individual in court. 6/17/2026 Order (D. 10 at ECF p. 5) (citing *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010)). To formally appoint the Plaintiff as Muhlenhaupt's and now Irma Martinez's "next friend" would do nothing to help any of them because *the Plaintiff* remains *pro se* in this action.

Second, the Plaintiff's RICO claim falls short once again. It appears the Plaintiff has now attempted to include the requisite allegations regarding the

"pattern of racketeering activity" lacking in his second amended complaint. *See* Pl.'s 4th Am. Compl. (D. 31-1 at ECF p. 7) (alleging the Defendant "Enterprise" executed fraudulent extractions of $400,000 from a trust in 2021 and 2022 and applied automated robotic signatures "in sub-second intervals" and "extracted capital was transported across state lines and laundered into the Peoria, Illinois real estate market by Defendant Michael E. Ontiveros[]"). Instead of now stating a claim for a RICO violation, the additional allegations are fanciful, in other words, they are factually frivolous and warrant dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); 28 U.S.C. § 1915(e)(2)(B)(i).

Third, the Plaintiff persists in attempting to bring a Section 1983 claim against private actors. In its June 17th Order, the Court pointed out that shortcoming, explaining the Plaintiff's allegations as to Defendant Phoenix CDS's receipt of public funds was not enough to transform private actions into actions of the State, and his allegations did not lend themselves to a plausible inference that the Defendants are state actors. 6/17/2026 Order (D. 10 at ECF pp. 4-5, 6). In fact, the Court again pointed out that shortcoming in its July 1st Order. 7/1/2026 Order (D. 14 at ECF p. 6). Thus, for the reasons stated in the Court's June 17th and July 1st Orders, the Plaintiff's Section 1983 claim brought against Defendants Hackman and Lewis, case manager for Phoenix CDS and supervisor for Phoenix CDS, respectively, again fails.

Lastly, with regard to the Plaintiff's *Monell* claim, he again identifies the Peoria Police Department as a defendant though the Court explained in its July 1, 2026 Order that police departments are not suable entities under Section 1983. 7/1/2026 Order (D. 14 at ECF p. 6) (citing authority). As for the named individual police officers, the Plaintiff now alleges their deliberate indifference by "affirmatively act[ing] to place a vulnerable citizen into a position of danger," and their refusal to intervene in property theft, "extrajudicial extractions," and "active

burglary." Pl.'s 4th Am. Compl. (D. 31-1 at ECF p. 20). He further alleges the Peoria Police Department failed to train its officers "to execute psychiatric protocols and enforce property rights." *Id.*

It is apparent that the Plaintiff, to some extent, continues to include allegations as to alleged wrongs done to Muhlenhaupt and not to him. The Court has addressed many times over now why such attempts fail. His attempted *Monell* claim based upon a failure to intervene fails as well where the underlying allegedly unconstitutional conduct – property theft, burglary of a climate control unit – was done, by the Plaintiff's own admission, by Defendants Hackman and Lewis of Phoenix CDS, *private actors*. *Id.* at ECF p. 12 (alleging Defendants Hackman and Lewis "physically removed the residence's critical environmental infrastructure, specifically, a $173.31 Vissani climate control unit, to render the medical sanctuary uninhabitable for the neurodivergent ward[]"); *see Bonner v. O'Toole*, No. 12 CV 981, 2015 WL 1586661, at *11 n.13 (N.D. Ill. Apr. 3, 2015) ("However, Fourth Amendment protections do not generally apply 'to a search or seizure . . . effected by a private individual' . . . And [the plaintiff] does not contend that the police officers themselves took the now-missing items . . . Since there was no state action, [the plaintiff] cannot prevail on a Fourth Amendment seizure action under Section 1983." (quoting *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 809 (7th Cir. 2005)); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (explaining "An officer who is present and fails to intervene to *prevent other law enforcement officers from infringing* the constitutional rights of citizens is liable under § 1983 if that officer had reason to know", among other things, that any constitutional violation has been *committed by a law enforcement official*") (emphasis added).

The Plaintiff's attempted *Monell* claim based upon a failure to train also fails. "[F]ailure to train liability is viable under *Monell* when 'inadequate training amounts to deliberate indifference to the rights of persons with whom' the

[defendants' employees] came into contact." *Crossley v. Dart*, No. 19-cv-8263, 2022 WL 444115, at *2 (N.D. Ill. Feb. 14, 2022) (quoting *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021)). "*Monell* imposes a high bar for liability; the local governmental body's action must have been taken with 'deliberate indifference' to one's constitutional rights and must have been the 'moving force' behind the constitutional violation." *Moore v. Freeport Cmty. Unit Sch. Dist. No. 145*, 570 F. Supp. 3d 601, 612 (quoting *First Midwest Bank Guardian of Est. of LaPorta v. City of Chi.*, 988 F.3d 978, 987 (7th Cir. 2021)). Here, the Plaintiff alleges it was Phoenix CDS employees who committed the "burglary"/"property theft" of the climate control unit while the Defendant police officers essentially let it happen by failing to enforce property rights. Pl.'s 4th Am. Compl. (D. 31-1 at ECF p. 20). Those allegations do not plausibly suggest the officers' conduct was the "moving force" behind the alleged constitutional violation. Neither those allegations nor inferences therefrom illustrate conduct rising to the level of "criminal recklessness" and instead indicate nothing more than a failure to act, the latter not being sufficient to state a *Monell* claim. *Id.* at 612 (citing *Flores*, 997 F.3d at 729).

### III

As is clear from the procedural history in this case, the Court has granted the Plaintiff ample leeway in his attempts to state viable federal claims. Rather than conform his amended pleadings to the Court's Orders, including explicit leave to amend only if the Plaintiff believed he could do so in conformity with those Orders, the Plaintiff has filed documents which have done the opposite of streamline his pleading and have revealed his inability to conform a further amended complaint to the Court's Orders. The allegations which the Court originally found deficient in its first screening Order have been repeated by the Plaintiff or only made less plausible in his further attempts to amend and in filing Exhibits. Ultimately, the Court is convinced that the Plaintiff cannot state a claim

for relief; he has repeatedly failed to cure deficiencies, and, given the crux of this case, amendment would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 796-97 (7th Cir. 2011) (explaining that a court may reject a proffered amended complaint after the first amended complaint if it fails to comply with basic pleading rules) (citing FED. R. CIV. P. 15(a)(2)). In other words, it is now certain that any amendment would be unwarranted. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). The Plaintiff's fourth amended complaint is therefore dismissed with prejudice.

## IV

Because the Plaintiff unsuccessfully amended his complaint to state a claim, the fact remains that this case lacks an operative complaint upon which relief can be granted. The Plaintiff's Emergency Omnibus Motion for a TRO is accordingly moot. To the extent that Emergency Motion is the Plaintiff's renewed request pursuant to Federal Rule of Civil Procedure 62(d) for an order granting an injunction while his appeal is pending, the Motion is denied. As there are no viable claims upon which relief can be granted in this case, the Plaintiff is obviously unable to demonstrate a reasonable likelihood of success on the merits, an element necessary to obtain a preliminary injunction. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012); *see Patel v. 7-Eleven, Inc.*, No. 18 C 07010, 2019 WL 3554438, at *5 (N.D. Ill. Aug. 5, 2019) ("As for Patel's motion for a preliminary injunction, [] it must be denied because there is no longer an operative complaint. Because there is no complaint . . . there can be no likelihood of success.").

## V

For the reasons set forth *supra*, Plaintiff Authur James Martinez's "Emergency Omnibus Motion for a Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65 and for Appointment of Next Friend Pursuant to Fed. R. Civ. P. 17(c)(2)" (D. 30) is MOOT, and his "Motion for Leave to File Amended Complaint

10

and Join Defendant Pursuant to FRCP 15(a)(2) and 20(a)(2)" (D. 31) is DENIED for failure to state a claim.  The Plaintiff's case is DISMISSED WITH PREJUDICE.  The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on July 24, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE